IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Jorge A. Zea (Pro Se)　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　V.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
National Association of　　　　　　　)　　Case No. 25-cv-81016-WPD
REALTORS®, et, al.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

FILED BY _____ D.C.
SEP 0 5 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS NATIONAL ASSOCIATION OF REALTORS®, MY FLORIDA REGIONAL MLS, INC. d/b/a STELLAR MLS, AND NAPLES AREA BOARD OF REALTORS® AND ASSOCIATION OF REAL ESTATE PROFESSIONALS, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Jorge A. Zea opposes the Motion for Extension of Time to Respond (ECF No. 19) to Plaintiffs Motion for Preliminary Injunction (ECF No. 8) filed by Defendants National Association of REALTORS® ("NAR"), My Florida Regional

MLS, Inc. d/b/a Stellar MLS ("Stellar MLS"), and Naples Area Board of REALTORS® and Association of Real Estate Professionals, Inc. ("NABOR").

Plaintiff respectfully requests this extension of time be denied because Defendants have failed to demonstrate the *"good cause"* required by Federal Rule of Civil Procedure 6(b)(1). Instead of showing diligence, Defendants' motion improperly argues the substantive merits of Plaintiff's Motion for Preliminary Injunction (ECF No. 8), which is not the issue before the Court. Their motion is an effort to delay proceedings and preview arguments that belong in their opposition to the injunction. Plaintiff cordially requests the court to reject this tactic, deny the motion, and set an expedited briefing schedule.

From a pro se litigant's perspective, Defendants' motion is procedurally unusual. By combining a straightforward request for more time (requiring just good cause and diligence) with extensive, premature arguments opposing the Preliminary Injunction itself, Defendants' filing functions as a surrogate opposition. Having chosen to argue the merits of the injunction, it appears Defendants are attempting to secure two opportunities to oppose the same motion—one now, and one later.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 6(b)(1), a court may, for good cause, extend a deadline if the request is made before the original time expires. The burden of demonstrating *"good cause"* rests on the moving party, and the touchstone of good cause is *diligence*. The moving party must demonstrate that, despite *diligent effort*s, it was

2

unable to meet the deadline. Defendants' motion accomplishes neither. Conclusory statements about the complexity of a case or general workload are insufficient.

**ARGUMENT**

**I. Defendants Have Failed to Demonstrate Good Cause or Diligence.**

Defendants' motion contains no specific facts demonstrating that, despite diligence, they cannot meet the current deadline. They waited eight days after Plaintiff filed the Motion for Preliminary Injunction not to prepare a response, but merely to request delay. *Such delays are the opposite of diligence.*

Their primary justification - the length of the Complaint and motion - is unpersuasive. The exhibits consist almost entirely of Defendants' own rules, policies, and public statements. It should not take additional weeks for Defendants to review materials they themselves drafted and imposed. Their claimed need for an additional month to process their own rules underscores their ongoing refusal to comply and enforce them. *That is an argument for swift judicial intervention, not for delay.*

Defendants argue that judicial efficiency warrants aligning their response to the Preliminary Injunction motion with their deadline to respond to the Complaint. This is not a justification for delay. Efficiency is not a substitute for the good cause required by Rule 6(b)(1), and tying an injunction response to the complaint deadline would nullify Rule 65. A preliminary injunction exists to provide immediate relief from ongoing harm, not to be postponed for the sake of convenience.

## II. Defendants' Premature Merits Arguments Are Improper and Misplaced.

Rather than focusing on diligence in support of good cause, Defendants use their motion to raise premature arguments about the injunction itself. These arguments are misplaced in a motion for extension of time, do not establish good cause, and should not be entertained under Rule 6(b)(1). Nevertheless, although these issues are already addressed in Plaintiff's Motion for Preliminary Injunction, Plaintiff briefly responds out of courtesy and good faith.

### A. Status Quo

Defendants claim the injunction would alter the status quo. In fact, it would restore the *lawful status quo* - the one that should exist if Defendants enforced their own rules as written. Preserving a skewed, unlawful state of ongoing violations is not the status quo the law protects.

### B. Alleged Lack of Prejudice

Defendants assert Plaintiff suffers no prejudice from the additional weeks of violations. That is incorrect. Each day compounds the irreparable harm not only to Plaintiff's business but also to consumers. The Federal Reserve Bank of Richmond has estimated consumer losses derived from these restraints exceed $100 million daily. Delay only prolongs this injury.

### C. The Sitzer Reference

Defendants' reference to Plaintiff's denied motion for clarification in Sitzer is misplaced. That denial was procedural, based on standing, and NAR made no effort to

4

clarify its rules when given the opportunity. Far from diminishing urgency, that history heightened it and forced Plaintiff to bring this action.

## CONCLUSION

Defendants have failed to meet their burden under Rule 6(b)(1). Their motion provides no showing of diligence and instead functions as a surrogate opposition to the Motion for Preliminary Injunction. Each day of delay compounds irreparable harm to Plaintiff and to consumers. Granting the request would not preserve the status quo; it would prolong violations of Defendants' own rules.

For these reasons, Plaintiff respectfully requests the Court to Deny Defendant's motion for extension of time to respond to the Motion for Preliminary Injunction. Additionally, in light of Defendants' intransigence, which makes it even more urgent, Plaintiff requests the Court to set the deadline for Defendants' response to Plaintiff's Motion for Preliminary Injunction for September 10, 2025.

A proposed order denying this Motion is Exhibit 1.

Dated: September 5, 2025

Respectfully submitted,

Jorge A. Zea
Plaintiff
Pro Se
2234 N Federal Hwy
Boca Raton FL 33431
305-244-7242
antitrust@jorgezea.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2025, I personally filed the foregoing document in paper form with the Clerk of the Court. I further certify that the foregoing document is being served this day on all counsel of record who have appeared in this action through the transmission of Notices of Electronic Filing generated by CM/ECF. All other Defendants who have been served with process but have not yet appeared are being served with a copy of this filing by U.S. Mail at the addresses where service of summons and complaint was effected.

Jorge A. Zea,
Plaintiff
Pro Se
2234 N Federal Hwy
Boca Raton FL 33431

305-244-7242

antitrust@jorgezea.com