IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Jorge A. Zea (Pro Se)  )
 )
 )
Plaintiff,  )
 )
 )
V.  )
 )
 )
National Association of  )   Case No. 25-cv-81016-WPD
REALTORS®, et, al.  )
 )
 )
 )
Defendants.  )

FILED BY ses D.C.
SEP 17 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PLAINTIFF'S RESPONSE TO DEFENDANT CONNECTICUT ASSOCIATION OF REALTORS®' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff respectfully notes that the Court has already granted the requested extension by Paperless Order (ECF 34), which Plaintiff does not object to. Without electronic filing privileges, Plaintiff submits this Response in hard copy only to preserve the record.

1

Plaintiff does not oppose Defendant Connecticut Association of REALTORS®' (CTR) request to extend its response deadline to October 8, 2025.

Plaintiff notes, however, that *Defendant's certification of conferral* under Rule 7.1(a)(2), though technically correct, was framed in a manner and with a deadline so compressed that it undermines the very purpose of the Rule.

## FACTS

On September 16, 2025, counsel for the CTR emailed Plaintiff at *2:27 p.m.* demanding a position (on the extension) by *5:00 p.m. the same day* (Exhibit 1). A two and a half hour ultimatum is not a good-faith effort under Local Rule 7.1(a)(2), and is not an honest attempt to confer. Particularly where Defendant had been served on September 3, 2025 (ECF 25) and made no attempt to confer until 13 days later. Had genuine urgency existed - which still has not been demonstrated - conferral should have been attempted sooner.

In contrast, on September 14th, 2025, Plaintiff attempted to confer - via email [1] (Exhibit 2) - with the National Association of REALTORS® (represented by the same counsel as CTR) and with Stellar MLS, requesting: (1) proper Rule 7.1 disclosures (long overdue)[2], and (2) adoption of the Eleventh Circuit's *Certificate of Interested Persons* definition with the expanded disclosure preferred by this Court, so that

---

[1] As a pro se litigant, Plaintiff had requested Defendants to please confer via email and Defendants (those who have communicated with Plaintiff) had acknowledged this request.
[2] NAR appeared on August 29th 2025 (ECF 10) and StellarMLS appeared on September 5, 2025 (ECF 2). Both Defendants filed the Corporate Disclosure without the Certificate of Interested Persons on September 15th, 2025.

conflicts, and interdependencies could be evaluated upfront. Plaintiff gave defendants ample time to address the conferral request.

Defendants instead evaded any substantive dialogue, ignored item (2) of Plaintiff's request (without any attempt to discuss the omission) and immediately (early on September 15th, 2025) filed a bare-bones Rule 7.1 disclosure (ECF 29 and 30) - many days past its due date - a deadline they set for themselves with their first appearance in the case. These disclosures appear to fall short of Rule 7.1's purpose.

Plaintiff emphasizes that the request for expanded disclosure was not for Plaintiff's benefit - Plaintiff is already aware of the interdependence, financial ties, shared governance structure, and affiliations among Defendants - but for the Court's benefit, to ensure meaningful conflict review. Limited or untimely disclosures deprive the Court of this safeguard.

While Plaintiff does not move at this time against these potentially deficient disclosures (deferring respectfully to the Court), the record should reflect that Defendants' identical pattern of selective compliance with procedural rules mirrors the systemic conduct alleged in the Complaint: invoking rules when advantageous, ignoring them when inconvenient, and manipulating procedure for tactical gain.

Plaintiff leaves the matter of disclosure integrity to Defendants' duty of candor toward this Court, while preserving these discrepancies for the record.

Respectfully submitted,

September 17th, 2025

Jorge A. Zea,
Plaintiff
Pro Se
2234 N Federal Hwy
Boca Raton FL 33431

305-244-7242

antitrust@jorgezea.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2025, I delivered by hand the foregoing to the Clerk of Court for proper filing, and that service was made on all counsel of record for appearing Defendants via transmission of Notices of Electronic Filing generated by CM/ECF, and on all non-appearing Defendants by U.S. Mail to their last known business address or registered agent.

Respectfully submitted,

September 17th, 2025

Jorge A. Zea,
Plaintiff
Pro Se
2234 N Federal Hwy
Boca Raton FL 33431

305-244-7242

antitrust@jorgezea.com