IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Jorge A. Zea (Pro Se)

        Plaintiff,

    V.

National Association of
REALTORS®, et, al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

FILED BY _____ D.C.

OCT 15 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case No. 25-cv-81016-WPD

**PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION
OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff JORGE A. ZEA, proceeding pro se, respectfully moves this Court, pursuant to Fed. R. Civ. P. 1 and Local Rule 7.1(d)(1), for *expedited consideration* of his fully briefed Motion for Preliminary Injunction (ECF No. 8). The motion is ripe for disposition, and delay will only compound irreparable harm.

**I.    ARGUMENTS IN SUPPORT OF URGENCY**

    **1.    The Motion is Fully Briefed and Ripe for Disposition.**

Plaintiff's Motion for Preliminary Injunction is now fully briefed. The factual record is complete, and Defendants' own evidence eliminates any genuine dispute of

material fact. The legal issues are squarely presented, and the Court can rule immediately on the papers.

2. **Defendants' Procedural Tactics Are a Calculated Delay.**

Defendants' strategy is to delay a ruling on the merits. Their Opposition improperly incorporated arguments by reference, shifting the burden to the Court. Furthermore, they suggest the Court must first resolve a Motion to Dismiss for lack of personal jurisdiction filed by only 3 of the 18 Defendants. This is incorrect. The Eleventh Circuit has confirmed that a court may grant a preliminary injunction even if a motion to dismiss is pending. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). The Court can rule on the injunction now and simply stay its application as to the three movants pending resolution of that threshold issue. Allowing a minority of defendants to halt relief for all would reward their delay tactics and perpetuate the ongoing harm.

3. **Urgent and Ongoing Irreparable Harm Demands Immediate Action.**

The harm - a continuing, market-wide restraint of trade -is not hypothetical. It is occurring now, inflicting irreparable injury on Plaintiff, consumers, and the competitive process with every day that passes. Expedited relief is essential to stop this compounding damage.

4. **Spoliation of Evidence and Lack of Candor Undermine Judicial Integrity.**

After this suit was filed, a key Defendant secretly altered the central rule at issue and removed the prior version from public access. Specifically, Defendant SmartMLS

inserted the IDX rule language on October 6, 2025, just two days before filing its Opposition. While its CEO's declaration that the rules now "include" this language is technically true, it creates the materially false impression of long-standing compliance, concealing the recent, post-litigation alteration. (See SmartMLS CEO Decl., ECF No. 60-3); (Zea Decl. ¶ 10, ECF No. 9). Furthermore, Plaintiff has identified that multiple public web pages containing official policies linked in the Complaint (ECF No. 1) have been removed or altered. This spoliation and lack of candor threaten the integrity of these proceedings. This Court has held that a lack of candor to the tribunal can, by itself, warrant the denial of a motion or other sanctions, See Royal Bahamian Co. v. QBE Ins. Corp., No. 10-21597-CIV, 2010 WL 11440694, at 2 (S.D. Fla. Nov. 30, 2010) (Matthewman, J.). Expedited consideration is necessary to preserve the record and prevent further prejudice.

## II. CONCLUSION AND REQUEST FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court grant expedited consideration and promptly rule on the pending Motion for Preliminary Injunction (ECF No. 8) on the papers.

If the Court deems a hearing appropriate, Plaintiff respectfully requests an in-person, expedited hearing to allow live demonstration of the restraint's operation—because the exhibits, while clear, cannot fully convey the immediacy and scope of the harm.

### III. CERTIFICATION OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), Plaintiff conferred by email on October 9, 2025, with counsel of record. Defendants SmartMLS, Stellar MLS, and NABOR did not respond. Counsel for the remaining Defendants opposed this motion as "procedurally improper," claiming the harm is not imminent and that the Motion to Dismiss should be decided concurrently.

Plaintiff respectfully rebuts these points. The path urged by Defendants would prolong the very harm this action seeks to end. The record now includes evidence of rule alteration, concealment, and self-contradiction - all confirming that the harm is imminent, ongoing, and irreparable. The Court has clear authority to act swiftly against the majority of Defendants without awaiting resolution of a limited jurisdictional challenge.

Respectfully submitted on October 15, 2025, by

Jorge A Zea
Plaintiff, Pro Se
2234 N Federal Hwy
Boca Raton FL 33431
305-244-7242
antitrust@jorgezea.com

## Certificate of Service

I hereby certify that the original of this filing was delivered in paper form to the Clerk of Court for filing, and that, upon docketing, the Court's CM/ECF system will automatically serve all counsel of record who have appeared in this case.

Dated: October 15, 2025

Jorge A Zea
Plaintiff, Pro Se
2234 N Federal Hwy
Boca Raton FL 33431
305-244-7242
antitrust@jorgezea.com