**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-81016-CIV-DIMITROULEAS/MATTHEWMAN

JORGE A. ZEA,

Plaintiff,

v.

NATIONAL ASSOCIATION OF
REALTORS, et al.,

Defendants.

_________________________________/

**NAPLES AREA BOARD OF REALTORS AND ASSOCIATION OF REAL ESTATE PROFESSIONALS, INC. (NABOR) SUPPLEMENT TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

The Naples Area Board of Realtors and Association of Real Estate Professionals, Inc., (NABOR) submits this supplement to highlight the deficiencies of the First Amended Complaint specific to NABOR.

## I. INTRODUCTION

This Court previously determined that Plaintiff's allegations in his initial complaint regarding a single incident involving NABOR were "clearly insufficient" to state a claim against NABOR. Plaintiff's First Amended Complaint does nothing to cure Plaintiff's pleading deficiency. Having been given a second bite of the apple, and again failing to state a cognizable claim, Plaintiff's claims against NABOR should be dismissed with Prejudice.

## II. ARGUMENT

Judge Matthewman's Report and Recommendation[1] noted that the one substantive reference to NABOR in Plaintiff's initial complaint was an incident in which "NABOR informed Plaintiff [that] MLSs only verify that the proper documentation is in place but do not verify the compensation." ECF 84 at 5, 16 (citations and quotation marks omitted). The Court found Plaintiff's allegations "specific to NABOR" to be "clearly insufficient." *Id.* at 16. Plaintiff's First Amended Complaint does not move the needle. The First Amended Complaint does nothing more than allege a few additional, immaterial details about the exact same incident. Many of these details were already brought to the Court's attention in Exhibit 4.1 to Plaintiff's declaration in support of Plaintiff's motion for preliminary injunction, which the Court denied in its entirety. *See* ECF 9, Part 2 at 161-173.

The alleged incident in question relates to Plaintiff's suspicions that "a buyer agent may have been working without an executed [Buyer-Broker Agreement] or may have negotiated seller-paid compensation exceeding the amount agreed with the buyer." First Amended Complaint (ECF 87) at ¶ 216. The crux of Plaintiff's allegations against NABOR is that NABOR MLS Director Cindy Cornman refused to disclose how much the buyer agent in question was being paid. She explained in an April 2025 email that NABOR was "following the guidelines set by NAR. . . . we will not comment on compensation." *Id.* ¶ 225. This is the same allegation made in Plaintiff's initial complaint, where he alleged that NABOR's MLS Director confirmed the "lack of compliance verification" in an April 2025 email. ECF 1 at ¶ 194. In his First Amended Complaint, Plaintiff now further alleges that: (1) before reaching out to NABOR, he filed a compliance request with the Royal Palm Coast Realtor Association, Inc. (RPCRA)

---

[1] *See* ECF 84, adopted and approved by this Court on April 13 (ECF 85).

MLS and was informed that the broker in question was a member of NABOR, and (2) before reaching out to NABOR, he also contacted the relevant title company and was likewise directed to contact NABOR. ECF 87 at ¶¶ 216-21. The First Amended Complaint then goes on to describe the same email exchange with Cornman referenced in Plaintiff's initial complaint. *Id.* at ¶¶ 222-26. Simply stated, none of these additions materially change the allegations against NABOR that this Court previously rejected as insufficient.[2]

Even assuming arguendo that Plaintiff had made sufficiently detailed allegations against NABOR, the conduct he alleges is procompetitive behavior mandated by the court-approved settlement in the *Sitzer* litigation. No. 19-cv-00332 (W.D. Mo. Apr. 19, 2024), ECF No. 1458-1. The *Sitzer* Settlement Agreement was designed to ensure that the contours of a Buyer-Broker Agreement would be solely the purview of the buyer and her agent. Whether that confidential information is shared with the listing agent is up to the buyer, not the local association. The *Sitzer* Settlement Agreement specifically prohibits "the sharing of the offers of compensation to buyer brokers" through an MLS or "any non-MLS mechanism". *See* Corrected Settlement Agreement ¶ 58(iii)-(v), *Sitzer et al. v. Nat'l Ass'n of REALTORS® et al.*, No. 19-cv-00332 (W.D. Mo. Apr. 19, 2024), ECF No. 1458-1. That NABOR complied with a court-approved mandate not to disclose this competitively sensitive information to a broker's competitors can therefore not support an antitrust claim against NABOR.

[2] As more fully set forth in Defendants' Joint Motion to Dismiss the First Amended Complaint, the balance of the allegations in the First Amended Complaint that Plaintiff may intend to apply to NABOR again impermissibly relies on group pleading allegations that do not specify each individual Defendants' alleged participation in any conspiracy. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1294 (11th Cir. 2010); *Pierson v. Orlando Reg'l Healthcare Sys.*, 619 F. Supp. 2d 1260, 1271–73 (M.D. Fla. Apr. 28, 2009).

## III. CONCLUSION

For the foregoing reasons, this Court should dismiss the First Amended Complaint with Prejudice. Plaintiff has made clear that any opportunity to amend will center on this same April 2025 exchange with NABOR's MLS director in which she informs him of NABOR's obligations under the *Sitzer* Settlement. Further attempts to amend Plaintiff's allegations against NABOR would thus be futile.

Dated: May 11, 2026

Respectfully Submitted,

**Bilzin Sumberg Baena Price & Axelrod, LLP**

/s/

Lori P. Lustrin, Esq.
Florida Bar No. 59228
Robert W. Turken, Esq.
Florida Bar No. 306355
Scott N. Wagner, Esq.
Florida Bar No.: 51662

1450 Brickell Avenue
Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 351-2265
E-mail: rturken@bilzin.com
E-mail: swagner@bilzin.com
E-mail: llustrin@bilzin.com
E-mail: eservice@bilzin.com

*Counsel for Defendant Naples Area Board of Realtors and Association of Real Estate Professionals, Inc. (NABOR)*